MARIE SCHREIBER, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF CARL SCHREIBER, DE-
CEASED, PLAINTIFF, v. MILFORD GOULD, HEZEKIAH
JORDON, HOWARD H. JOHNSON, PETER QUIST, RALPH
E. BRADY AND ROBERT CARRINGTON, DEFENDANTS.

Decided November 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *William George.*

*Contra, Edward Stover.*

PER CURIAM.

This is an application to open a judgment entered in the
Supreme Court on a default verdict of a jury, in the Hudson
Circuit for $7,500 in favor of the plaintiff, against the de-
fendants. The action, which resulted in the verdict and
judgment was one of tort. The cause of action arose in
Atlantic City.

On May 30th, 1927, the plaintiff's decedent, while crossing
a public highway was run into and fatally injured by an
automobile operated by Milford Gould. A rule to show
cause was allowed by Mr. Justice Minturn why the judgment
should not be set aside and a new trial granted to the de-
fendant Jordon. Jordon is a colored man, and a police

officer—or was a police officer at the time the accident happened—he being a member of the Atlantic City police force.

At the time of the occurrence of the accident which resulted in the death of the plaintiff's decedent, testimony taken under the rule, tends to show that Jordon was in the discharge of a public duty, and his insistence is, that he was in nowise concerned with the operation of an automobile which struck the plaintiff's decedent, and caused the latter's death.

There seems to have been some misunderstanding between Jordon's counsel who lived in Atlantic City, and counsel employed by the latter, to represent Jordon in Jersey City, as to the date of trial, which resulted in a default verdict, and as a result, Jordon claims that without any fault of his own, he has never been afforded a day in court, to give his version of how the accident happened, and to exculpate himself from liability to respond in damages to the plaintiff.

We think, however, there is some fault attributable to the Jersey City counsel, who was entrusted to give timely notice as to when the cause was to come on for trial, and we also think under all the circumstances in the case, that the judgment should be opened for the purpose of permitting the defendant Jordon to put in his defense upon a retrial of the cause, but that the judgment shall remain a lien upon the lands, goods and chattels of the defendant Jordon, and subject to such judgment as shall be obtained upon such retrial; that the case be put upon the calendar, and a day set for trial, subject to the convenience of the plaintiff, and that the defendant Jordon pay all costs incurred by the plaintiff, which are the direct result of opening the default, and a granting of a new trial.